# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 1:06-CV-0913-OWW-LJO-P |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | (Doc. 1) |
| CALIFORNIA CORRECTIONAL INSTITUTION FIRST WATCH, | |
| Defendants. | |

Plaintiff Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 18, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff alleges in his complaint that the Defendants are threatening, harassing, calling names and watching Plaintiff from an observation cell in violation of his rights.

---

[1] Given plaintiff's pattern of conduct, as set forth in this order, the Court is of the opinion that it is more expeditious to screen and dismiss this action rather than expend its overtaxed resources attempting to obtain the filing fee from plaintiff prior to screening. Such a course of action would likely ultimately result in dismissal for failure to pay the filing fee after the issuance of multiple orders, rather than the actual obtainment of the filing fee from plaintiff.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact, <u>Neitzke
2    v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984),
3    and the Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal
4    theory or where the factual contentions are clearly baseless, <u>Neitzke</u>, 490 U.S. at 327.  The test for
5    maliciousness is a subjective one and requires the Court to "determine the ... good faith of the
6    applicant." <u>Kinney v. Plymouth Rock Squab Co.</u>, 236 U.S. 43, 46 (1915); see <u>Wright v. Newsome</u>,
7    795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith most commonly is found in repetitive
8    suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.
9    A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by
10   re-litigating claims decided in prior cases.  <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C. Cir. 1981);
11   <u>Phillips v. Carey</u>, 638 F.2d 207, 209 (10th Cir. 1981);  <u>Ballentine v. Crawford</u>, 563 F.Supp. 627,
12   628-29 (N.D. Ind. 1983); <u>cf</u>. <u>Glick v. Gutbrod</u>, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent
13   power to dismiss case demonstrating "clear pattern of abuse of the judicial process").

14   Although this case was filed in July of 2006, as of September 25, 2006, Plaintiff has filed
15   one-hundred twenty-four actions in this district, forty-four of which were filed in September of 2006
16   alone.  Not one of the complaints was accompanied by the filing fee, and twelve of the fourteen cases
17   are virtually identical, with minor exceptions such as switching back and forth between suing the
18   First and Second Watches.[2]  Further, in many of the Complaints Plaintiff omits his allegations that
19   he is on a mind reading device and/or that he is being spoken to through the vents.  However, all
20   twelve involve Plaintiff's claim that he is being harassed, watched, etc. by defendants.  Although the
21   Court is mindful that mental illness may play a part in Plaintiff's allegations, Plaintiff is capable of

---

[2] The Court takes judicial notice of case numbers 1:06-CV-01197-AWI-DLB-P <u>Weaver v. California Correctional Institution First Watch 4-4A-4</u>; 1:06-CV-01198-AWI-SMS-P <u>Weaver v. California Correctional Institution First Watch 4-4A-4</u>; 1:06-CV-01199-OWW-WMW-P <u>Weaver v. California Correctional Institution First Watch 4-4A-4</u>; 1:06-CV-01200-AWI-WMW-P <u>Weaver v. California Correctional Institution First Watch 4-4A-4</u>; 1:06-CV-01201-AWI-DLB-P <u>Weaver v. California Correctional Institution First Watch 4-4A-4</u>; 1:06-CV-01202-OWW-WMW-P <u>Weaver v. California Correctional Institution First Watch 4-4A-4</u>; 1:06-CV-01203-OWW-LJO-P <u>Weaver v. California Correctional Institution First Watch 4-4A-4</u>; 1:06-CV-01204-OWW-SMS-P <u>Weaver v. California Correctional Institution Building 4-4A-4</u>; 1:06-CV-01205-AWI-SMS-P <u>Weaver v. California Correctional Institution Building 4-4A-4</u>; 1:06-CV-01206-AWI-SMS-P <u>Weaver v. California Correctional Institution Third Watch 4-4A-4</u>; 1:06-CV-01207-OWW-WMW-P <u>Weaver v. California Correctional Institution Second Watch 4-4A-4</u>; 1:06-CV-01208-OWW-LJO-P <u>Weaver v. California Correctional Institution Second Watch 4-4A-4</u>; 1:06-CV-01209-AWI-WMW-P <u>Weaver v. California Correctional Institution Second Watch 4-4A-4</u>; and 1:06-CV-01210-OWW-LJO-P <u>Weaver v. California Correctional Institution Second Watch 4-4A-4</u>.

correctly filling out complaint forms and responding to court orders.[3]  Plaintiff is creating a tremendous burden on this Court's scare resources by filing multiple, duplicative actions, and is depriving other litigants of the Court's much needed time and attention in their pending cases.  A review of the Ninth Circuit's dockets reveals that Plaintiff has been actively filing appeals as well, with thirty-three appeals filed, twenty-six of which were filed in 2006.

"[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . . will not be tolerated."  Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D. In. 1984).  Plaintiff's allegation that Defendants have him on a mind reading device is frivolous.  Further, a review of the cases filed by Plaintiff and the filings dates amply demonstrates a pattern of vexatiousness.  The Court finds that the filing of this action was in bad faith and malicious given that Plaintiff filed multiple complaints, any of which were filed on the same day and most which raise similar allegations.

Even assuming Plaintiff's Complaint to be non-frivolous, Plaintiff's allegations do not give rise to a constitutional violation.  Mere verbal harassment, abuse or threats, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Accordingly, the Court HEREBY ORDERS this action DISMISSED in its entirety.

IT IS SO ORDERED.

**Dated:   October 24, 2006**              /s/ Oliver W. Wanger
emm0d6                                    UNITED STATES DISTRICT JUDGE

---

[3] The Court takes judicial notice of the dockets in case numbers 1:06-CV-00278-OWW-LJO-P Weaver v. Tehachapi Mail Room and 1:06-CV-00468-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU, demonstrating plaintiff's ability to respond to court orders and his ability to keep track of his multitude of cases.